# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
### CIVIL ACTION NO. 7:08-CV-00042

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) | **JURY TRIAL DEMAND** |
| WORSLEY OPERATING CORPORATION d/b/a S&E FOOD MART STORE #321 | ) ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (African American), and to provide appropriate relief to James Batson, Donielle Durant, and Patrice Grady who were adversely affected by the practices. The Commission alleges that Defendant Worsley Operating Corporation d/b/a S&E Food Mart Store #321 ("Defendant" or "Worsley") discriminated against James Batson, Donielle Durant, and Patrice Grady by suspending and then discharging them because of their race, African American.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) (1) and (3) and -6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Worsley Operating Corporation has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Wilmington and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant Worsley Operating Corporation has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, James Batson, Donielle Durant, and Patrice Grady filed charges with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     In or around June 2006, Defendant engaged in unlawful employment practices at its store in Wilmington, North Carolina in violation of section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Specifically, in June 2006, Defendant conducted an internal investigation into missing lottery tickets at its Wilmington, N.C. store.  As a result of the investigation, Defendant discovered that several employees, including James Batson, Donielle Durant, Patrice Grady, and

-2-

at least two white employees, were purchasing lottery tickets from the store, allegedly in violation of Defendant's company policy. On or about June 2, 2006, Defendant suspended James Batson, Donielle Durant, and Patrice Grady allegedly for violation of this policy, and subsequently terminated them on June 7, 2006. Defendant did not suspend or terminate the white employees who also purchased lottery tickets from the store. Defendant suspended and subsequently terminated James Batson, Donielle Durant, and Patrice Grady because of their race, African American.

8. The effect of the practices complained of in paragraph 7 above has been to deprive James Batson, Donielle Durant, and Patrice Grady of equal employment opportunities and otherwise adversely affect their status as employees because of their race (African American).

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of James Batson, Donielle Durant, and Patrice Grady.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of race.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole James Batson, Donielle Durant, and Patrice Grady by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant to make whole James Batson, Donielle Durant, and Patrice Grady by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above in amounts to be determined at trial.

E.     Order Defendant to make whole James Batson, Donielle Durant, and Patrice Grady by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights in amounts to be determined at trial.

F.     Order Defendant to pay James Batson, Donielle Durant, and Patrice Grady punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

-4-

DATED this 27th day of March, 2008.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202



/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608
Tel: 919.856-4080

-5-

Fax: 919.856-4156
Zoe.Mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

-6-